(Clark County, Ohio, Common Pleas.)

GRAHN v. THE STATE OF OHIO.

---

The proper intent and meaning of sections 4029-8, Giauque's R. S., in Truancy Laws, as amended vol. 87, Ohio Laws, page 144; now section 4022-7, Bates R. S. was to secure the trial of parents for failure to cause their children to attend school, within the bounds of the school district where the offense occurred.

---

MILLER, J.

The truant officer of South Charleston, Ohio, school district, made complaint against the plaintiff in error, under the compulsory education law for failure to compel his son, who was of school age, to attend school under section 4029-8. The affidavit was filed before and a warrant issued by a justice of the peace, Esquire Schickendantz, who resided in Madison township, but not within the special school district, where the alleged offense was committed.

The defendant having been arraigned before the said justice, objected to the jurisdiction of the justice to try the case, but his motion was overruled and upon trial had, he was found guilty. Petition in error was filed in this court, assigning among other errors, that the justice had no jurisdic-

tion to try the case. This is the only question here considered.

The law previous to 1890, as appears in Giauque's statutes of Ohio, in section 4029-8, with reference to the duties of the truant officer, provides that he shall make "complaint against said parent, guardian or other person having the legal control of such child, in any court of competent jurisdiction in the city, village or township in which the offence occurred." To this section is appended a side-note calling attention to an amendment in 1890, for which see annual volume 87, page 144, and which amendment appears in Bates' statutes, which has incorporated into it all the laws of 1890, as follows: "The truant officer shall make complaint against the parent, guardian or other person in charge, in any court of competent jurisdiction in the city, special, village or township district in which the offence occurs."

What is the court of competent jurisdiction? None unless the officer named in section 610, Revised Statutes, which reads so far as is necessary to this question: "Every justice of the peace shall have jurisdiction in criminal cases throughout the county in which he is elected and where he resides, on view, or on sworn complaint to cause every person charged with felony or misdemeanor to be arrested," etc.

There is no provision anywhere else prescribing the officer who shall have jurisdiction of this particular offense, which is a misdemeanor, under section 610, for the purposes of jurisdiction, whether it be denominated criminal or quasi criminal. The probate court under its general jurisdiction may have power to commit the juvenile offender to the state reformatory, but has no jurisdiction over the parent to try a complaint against him. With these provisions of the statute before us, arises the question of the jurisdiction of this particular justice in this special case.

The record shows that Esquire Schickendantz did not reside or have his office in South Charleston special school district in which the alleged offense was committed, but in another

district, to-wit, Madison township school district, and that there was a mayor and justice of the peace in said South Charleston special school district.

The change made in 1890, was done for a purpose of some kind, whether or not the old section is to be construed into limiting the place of the trial to the township, village or city in which the offense occurred.

The action, if the words "city, or village or township in which the offense occurred," had not been inserted in the old law, under section 610, Revised Statutes, could have been brought before a justice of the peace in Springfield or New Carlisle, and the parties and witnesses thereby be dragged many miles away from their homes and the scene of the offense. But from lack of proper punctuation of said original section, a doubt arises as to the purpose of such insertion of said words, whether the jurisdiction should be limited to a justice or mayor residing in such city, village or township, or to secure the actual trial of the case within the bounds of such locality. Now, punctuation plays an important part in the construction of sentences.

Anderson's Law Dictionary, page 844, says: "When the meaning of a clause in an instrument is doubtful, the court may insert punctuation to show of what construction the words are capable: and if by such aid, the court is enabled to see that the language can bear an interpretation which will make the whole instrument rational and self consistent, it is bound to adopt that interpretation in preference to another which would attribute to the parties an intention utterly capricious, insensible and absurd."

Take therefore, the old section and insert a comma or other proper mark of punctuation after the word "jurisdiction," and it will read that he shall make "complaint against said parent, guardian or other person having the legal control of such child, in any court of competent jurisdiction, in the city, village or township in which the offense occurred." In this

compound sentence we have thereby clearly defined the court of competent jurisdiction, viz., a justice of the peace, and mayor of a city or village: and also the locality of the trial, viz., the city, village, or township in which the offense occurred. Any other construction would be "capricious, insensible and absurd" in the way I view it, for in such statute, locality of the trial is clearly indicated, and as to the authority under section 610, any justice of the peace of Madison township, if not of the county, would have jurisdiction in any school district of the county, and the words "in which the offense occurs" absolutely fix the locality of trial as the all-controlling words of venue, which words I interpret for the benefit of those unlearned in law, from Anderson's Law Dictionary, as "locality, neighborhood; place of trial."

Thus then, if the place of trial is to be within the bounds of the city, village, or township in which the offense occurred, and there should be no justice of the peace in that locality, one can be brought therefor from a broad, either from another part of the township, or, as I think, from any part of the county.

This construction accounts for the words of said section for one reason, if no other, and that is, that the venue, or "locality of trial", has been viewed as of the highest importance from time immemorial both at common law and under statutory enactments. The place of trial has always been fixed upon one of two ideas, viz, in criminal cases propinquity or nearness to the place of the offense, or in civil cases to the residence of the party who is sued.

The same reasons apply to the new law under which this action was brought, and with still greater force and effect than as to the words of the old law.

In criminal cases the venue or "place of trial" must be in the vicinage, according to Anderson, that is, "neighborhood, county" where the offense occurred; in civil cases under $100 in the township where the party sued resides: and in cases of higher impor-

[COPYRIGHT, 1899, BY CARL G. JAHN.]

tance in the court of common pleas of the county where the party sued resides. These are the general rules except in some few matters.

Now, using like punctuation, the new law under which this action was brought, will read as follows: "the truant officer shall make complaint against the parent, guardian or other person in charge of the child, in any court of competent jurisdiction, in the city, special, village or township district in which the offense occurs."

The words "in any court of competent jurisdiction," is a complete sentence in itself, which can be defined by itself as meaning a justice of the peace or mavor of a city or village under general laws to which this language, perforce relates itself, in so far as determining what court of competent jurisdiction it must be tried before.

The words "in the city, special, village or township district in which the offense occurs," ex vi termini, import venue, vicinage, propinquity or nearness; and what is more, under the school laws, include both the residence of the defendant, as in civil cases is required, and the place of the offense, as in criminal cases is required; thus, in other words, completely including both qualities of venue, or "locality", viz.: residence of the defendant, and propinquity, or nearness to the scene of the crime or misdemeanor, which does not often occur by statutory regulation.

I have already said that the change in the law was for a purpose, and cannot be passed over merely because we do not fully understand its signification.

Corrolaries.

No. 1. The old law was made for propinquity to the parties and witnesses instead of dragging them from their township to the county seat, as vindictive complainants have been known to do in other cases.

No. 2. The amendments were enacted in 1890, not only on like grounds of propinquity to the parties and witnesses, thus more lessening their inconvenience, but much more, in my opinion, as an example to the children themselves in that special school district.

For, in illustration and in further reasoning, all other discipline is enforced very largely in the school-house, and it would not have been bad for the legislature to have provided that the trial should take place under suitable regulations, and at suitable times, in the very school-house itself, and if there was no justice of the peace residing in such school district, then a justice from another district, or possibly from another township might be brought in and have an office ready at hand to try the cause. It would assuredly be no greater hardship to justices of the peace than to compel common pleas and circuit court judges to travel half across the state to try cases.

It may be claimed that this is a civil case, and subject to the statutes governing civil cases, and that therefore the reference to the jurisdiction of the justices of the peace beyond the township is not applicable. Be that as it may, much of this opinion considered by me most valuable, is applicable as to their civil jurisdiction in their respective townships; but this action was not brought as a civil action. It comes up from the criminal docket of Esquire Shickendantz, the defendant was complained of by affidavit as a criminal; a criminal warrant was issued against him; he was arrested and brought into court and arraigned as a criminal; the trial was continued and he entered into the usual criminal recognizance for appearance at the appointed day; he was tried as a criminal, and I do not think the character of the case can be changed upon a petition in error, but must ever remain he same to the last court of jurisdiction, although I am aware of an old case coming to a court of common pleas from the judgment of a mayor of Akron for violation of a liquor ordinance, the appeal bond having vacated the judgment of the mayor before whom the case was tried, the court allowed a declaration in the civil action of debt to be filed on the ground of the vacation of the judgment by reason of the appeal bond.

That case in in 14 Ohio Reports, page 587. This case does not come into this court by appeal. No appeal bond has been given, but is prosecuted solely upon a petition in error. But if it had come here by appeal and Esquire Shickendantz had no jurisdiction, it would have to be dismissed. The foundation of every case before a justice must be sure, or his judgment would have to be set aside in whatever way it comes into the court of common pleas.

Counsel have by this time become aware that the judgment of the justice of the peace must be set aside with judgment in favor of the plaintiff in error.

Oscar T. Martin and J. K. Mower, for Plaintiff in Error.

F. M. Hagan, for Defendant in Error.